UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | Civil Action No. 09-6273 (JAP) |
| v. | : | |
| LLOYD J. SCHIFFRES | : | **OPINION** |
| Defendant. | : | |

PISANO, District Judge.

Plaintiff brings this breach of contract action seeking monies it alleges it is owed by Defendant Lloyd Schiffres for unpaid student loans. Presently before the Court is Plaintiff's motion for summary judgment. Defendant, appearing *pro se*, has opposed the motion with a two-paragraph unsigned document captioned "IN ANSWER TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT." For the reasons below, Plaintiff's motion is granted.

**I. Background**

Based upon the submissions of the parties, the Court finds the following facts to be undisputed:

On October 29, 1979, Schiffres executed a promissory note in favor of the Dade Savings and Loan Association (the "Lender") in the amount of $1,605. Pl. Ex. A (Promissory Note); Ex. B (Certificate of Indebtedness). On September 30, 1981, Schiffres executed a second promissory

note in favor of the Lender for $2,500.  Pl. Ex. A (Promissory Note); Ex. B (Certificate of Indebtedness).  These loans were guaranteed by the Florida Department of Education (the "FLDOE"), and then reinsured by the United States Department of Education (the "USDOE").  Ex. B. (Certificate of Indebtedness).  In 1985, Defendant defaulted on the loan payments.  *Id.*  As a result, the FLDOE paid a claim in the amount of $4,223.83 to the Lender.  *Id.*  The FLDOE was subsequently reimbursed for that claim by the USDOE, and in 2006 the FLDOE assigned its right and title to the loan to the USDOE.  *Id.*  As of the filing of the complaint in this matter, Defendant was indebted to Plaintiff for $8,679.94, broken down as follows:  $4,223.83 in principal and $4,456.11 in interest.  *See* Compl. ¶ 2, Ex. B.

Defendant admits that he signed the promissory notes and agreed to the repayment terms.  *See* Answers to Interrogatories and Answer to Request of Admission at Pl. Ex. G.  He states that he has not paid the notes and he further states that he believed that the debt was discharged in a bankruptcy proceeding he filed in 1986.  *Id.*

## II. Analysis

### A.  Summary Judgment Standard

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party.  *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. The non-moving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

B.  The Undisputed Facts Establish That Plaintiff is Entitled to Judgment as a Matter of Law

Construing Defendant's opposition liberally, Defendant asserts that he believed his loans had been discharged in his 1986 bankruptcy proceeding. However, at the time Defendant filed his bankruptcy petition, a student loan debt was exempt from discharge unless (1) the first payment on the loan became due more than five years before the bankruptcy petition was filed; or (2) the bankruptcy court found that such exemption would impose an "undue hardship" on the debtor. *U.S. v. Harrah*, 2001 WL 1699346 (D.C. Cir. 2001) (citing 11 U.S.C. § 23(a)(8)(1986)). Although the record in this case is not entirely clear, it appears that Defendant's loans had not

3

been in repayment for five years at the time he filed his bankruptcy petition.[1] Nor is there any evidence that a bankruptcy judge made the requisite finding of undue hardship.

In any event, in his response to Plaintiff's motion, Defendant has failed to provide or point to any evidence that his student loan debt had been discharged in a bankruptcy proceeding. It is well established that on a summary judgment motion, "the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Again construing Defendant's opposition broadly, Defendant also argues that the statute of limitations on Plaintiff's action expired in 1991. Assuming for the sake of argument that the previously applicable statute of limitations began running in 1985 as Defendant alleges, Defendant's argument still fails. The Higher Education Technical Amendments of 1991 ("HETA"), Pub. L. No. 102-26, 105 Stat. 123 (1991) (codified at 20 U.S.C. § 1091a(a)), eliminated all statutes of limitation on actions to recover on defaulted student loans.

> Prior to HETA, the statute of limitations period for suits to recover on defaulted student loans was six years, commencing from the date the loan was assigned to the Department of Education. *See* Higher Education Act of 1965 (HEA) as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), Pub.L. No. 99-272 (1986) (codified at 20 U.S.C. § 1091a(a)(4)(B) & (C)) (establishing six-year statute of limitations period); *United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991).
>
> Under HETA, however, Congress provided that actions to collect on defaulted student loans were no longer subject to any statute of limitations. *See* 20 U.S.C. § 1091a(a). Moreover, Congress made HETA effective as if it were enacted under COBRA. *See* HETA § 3(c), Pub.L. No. 102-26, 105 Stat. 123, 125. By doing so,

---

[1] Plaintiff, absent any citation to the record, alleges that the loans in question first became due on July 28, 1984. Pl. Brf. at 4 (reference is to the page number as assigned by Court's electronic filing system, as the brief's pages are unnumbered). In his short response to the motion, Defendant says he left school "at the end of '81" and at that time "made arrangements to start paying back the loan as per the loan agreement." Def. Resp. at 1. Under the terms of the promissory notes, the repayment period was to begin 12 months later. *See* Pl. Ex. A, B ("repayment … shall be made over a period commencing 12 months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load."). In either case, Plaintiff's loans had not been in repayment for five years by 1986.

> Congress not only eliminated COBRA's six-year statute of limitations period, but also revived all actions which would have otherwise been time-barred.

*U.S. v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994).

Defendant has not shown by way of admissible evidence, as is his burden on this motion, that an issue of material fact exists with respect to his statute of limitations defense. Defendant's motion for summary judgment shall be granted.

## III. Conclusion

For the reasons above, Plaintiff's motion for summary judgment is granted. Judgment shall be entered in favor of Plaintiff in the amount of $8,679.94. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: January 20, 2011